**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————————

No. 00-1202

UNITED STATES,

Appellee,

v.

ALI HUSSEIN ADDO,

Defendant, Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

———————————

Before

Lynch, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

———————————

Ali Hussein Addo on brief pro se.
Michael J. Sullivan, United States Attorney, and Timothy Q. Feeley, Assistant United States Attorney, on brief for appellee.

———————————

August 26, 2003

———————————

**Per Curiam**.  Ali Hussein Addo pled guilty to one count of defrauding Eastern Bank, in violation of 18 U.S.C. § 1344.  Addo opened an Eastern Bank bank account using a false name and identification document, deposited into the account approximately $30,000 of worthless checks and thereafter withdrew $9,503.75 before the account was closed by the bank. Addo has appealed.  We affirm.

We first note that Addo erroneously claims that he entered a conditional plea.  That contention is plainly wrong. See Fed. R. Crim. P. 11(a)(2).  And, to the extent that there was any "condition" to his plea agreement -- and the evidence on this point is sparse at best -- Addo's description of the alleged condition is so implausible as to be incredible. According to Addo, the government agreed not to prosecute him in any way at any time for fraudulent activity with respect to Fleet Bank accounts.  The government concedes that it agreed that, in computing "intended loss" for purposes of sentencing Addo for his scheme to defraud Eastern Bank, it would not include any loss to Fleet Bank with respect to accounts held in the name of Farah Kalif Adan and Yusuf Ali.  Fleet Bank ATM cards issued in those names were found in Addo's possession when he was arrested.

Even were we to accept Addo's contention that any side agreement covered prosecution and not simply sentencing

calculation, at best, the agreement could conceivably have concerned only past fraudulent activity with respect to the Farah Kalif Adan and Yusuf Ali Fleet Bank accounts and not future fraudulent activity.  And, Addo proffers no evidence that he has been charged with any fraudulent activity with respect to these accounts.  Therefore, contrary to Addo's contention, the government has not violated any "condition" to his plea agreement.  Addo's claim that the government agreed to immunize him from prosecution for any fraudulent activity with respect to any Fleet Bank account at any time is simply preposterous.

We have considered the remaining issues raised by Addo in his appellate brief and conclude they are without merit.

Addo's motion for an expedited appeal is moot.

Affirmed.